# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-1312V
(not to be published)

| | |
|---|---|
| SCOTT AYRE, | Chief Special Master Corcoran |
| Petitioner, | Filed: December 15, 2021 |
| v. | Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks at Attorney Rates; Travel Time |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Christiane Derby Williams, Terry Garmey & Associates, Portland, OR, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 29, 2019, Scott Ayre filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on December 4, 2016. (Petition at 1). On August 24, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 25).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 19, 2021 (ECF No. 30), requesting a total award of $12,965.19 (representing $12,350.00 in fees and $615.19 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. (Id. at 2). Respondent reacted to the Motion on October 24, 2021, indicating no objection to the overall amount sought, while adding that he did not concede the rates, hours, or costs billed to the matter. (ECF No. 31). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request, and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (1991).* The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

**ATTORNEY FEES**

A. Hourly Rates

Petitioner requests a single rate - $250 per hour – for all work performed by attorney Christiane Derby Williams between 2017 – 2021. (ECF No. 30-1 at 2). This rate for Ms. Williams has been previously reviewed in other cases and deemed appropriate, and shall be awarded in this matter as well. *See Hinkley, as Personal Representative of the Estate of Charles Tuttle, v Sec'y of Health & Human Servs.,* 15-1459V, 2017 WL 6379291, (Fed. Cl. Spec. Mstr. May 12, 2017).

B. Time Billed

I find that the work billed to the matter was appropriately incurred, with two exceptions.

1. *Paralegal Tasks* - Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.,* No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins,* 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.,* No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.,* No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.,* No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Ms. Williams billed 5.8 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records and filing documents. These tasks are the following:

- August 7, 2017 (0.20 hrs) "Letter to MaineHealth requesting medical records";

- September 14, 2018 (0.20 hrs) "Letter to MaineHealth requesting updated medical records"; and

- August 28, 2019 (5.0 hrs) "Petitioner's Exhibit List, compilation of all exhibit documents and filing of same."

(ECF No. 30-2 at 1-2).

3

I shall reduce Ms. Williams' rate for these tasks to $145 per hour, which is comparable to what a paralegal would receive. This reduces the awardable attorney fees by **$609.00**.[3]

      2.    *Travel Time* - Ms. Williams billed time for travel, but she did not differentiate the time spent on travel versus time spent on the visit itself. In the Vaccine Program, special masters traditionally have compensated for time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

The billing invoices filed herein make it difficult to assess how to apply these guidelines to the case at hand. As I cannot decipher the exact time spent, I find it is reasonable to compensate the billing entries that include travel at the one-half rate usually employed in the Program. Thus, I will reduce the single relevant entry accordingly, awarding $125.00 per hour for the 1.5 of travel billed. This results in a reduction of **$187.50**.[4]

## ATTORNEY COSTS

Petitioner requests $615.19 in overall costs. (ECF No. 30-3 at 8). This amount is comprised of obtaining medical records, shipping and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

---

[3] This amount consists of $250 - $145 = $105 x 5.8 hrs = $609.00.

[4] This amount consists of $250 x .50 = $125 x 1.5 hrs = $187.50.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$12,168.69** (representing $11,553.50 in fees and $615.19 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.